# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DENZEL SAMONTA RIVERS,<br><br>　　　　　　　　　Plaintiff,<br>v.<br><br>ROBERT RYMARKEWICZ and JODI BARRETTE,<br><br>　　　　　　　　　Defendants. | Case No. 21-CV-763-JPS<br><br><br>**ORDER** |

　　　　Plaintiff Denzel Samonta Rivers ("Plaintiff"), an inmate formerly confined at Waupun Correctional Institution ("Waupun"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants were deliberately indifferent to his health and safety in violation of the Eighth Amendment. (Docket #1). This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee, screens his complaint, and disposes of his motions for preliminary injunctions.

**1.　　MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

　　　　The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

　　　　On June 21, 2021, the Court ordered Plaintiff to pay an initial partial filing fee of $78.29. (Docket #5). Plaintiff paid that fee on July 19, 2021. The

Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. (Docket #2). He must pay the remainder of the filing fee over time in the manner explained at the end of this Order. Finally, because Plaintiff paid his initial partial filing fee prior to the deadline to do so, the Court will deny as moot his motion for an extension of time in which to pay the initial partial filing fee. (Docket #9).

## 2. SCREENING THE COMPLAINT

### 2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone acting under color of state law deprived him of a right secured by the Constitution or the laws of the United States. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

According to Plaintiff, at all relevant times, Defendant Captain Robert Rymarkewicz ("Captain Rymarkewicz") was the supervisor of the north cell hall at Waupun, (Docket #1 at 3); Defendant Sergeant Jodi Barrette ("Sgt. Barrette") was a regular second-shift sergeant of the north cell hall. (Docket #1 at 3). On October 13, 2020, during the second shift, Plaintiff was housed in the lower bunk of cell C-5 with a cellmate, Jimmante J. Ward ("Ward"). (*Id.*) At some point during the second shift, Ward fell from the top bunk in cell C-5 and injured his back. (*Id.* at 4). Ward needed a bottom bunk after his injury, but he refused to move to a cell with an open bottom bunk. (*Id.*) Sgt. Barrette received authorization to move Plaintiff from cell C-5 to the lower bunk in cell C-2 so that Ward could occupy the bottom bunk in cell C-5. (*Id.*)

Prior to being moved to cell C-2, Plaintiff approached Sgt. Barrette about procuring cleaning supplies for the cell. (*Id.*) Barrette denied Plaintiff's request. (*Id.*) Plaintiff and his things were moved to cell C-2. (*Id.* at 5). Upon arriving at cell C-2, Plaintiff again asked Sgt. Barrette for cleaning supplies, and Sgt. Barrette denied Plaintiff's second request. (*Id.* at 4). Cell C-2 was not sanitized prior to Plaintiff entering it. (*Id.* at 5). Plaintiff

alleges that the previous resident of the lower bunk in cell C-2, Barry Stien ("Stien"), had recently been moved to a single cell after he exhibited symptoms of COVID-19. (*Id.*) Plaintiff's new cellmate in cell C-2, Jesse McComb, had shared the cell with Stien immediately before Stien was placed in quarantine. (*Id.*)

Plaintiff maintains that, before his being moved to cell C-2, he was negative for COVID-19. (*Id.* at 4).[1] After a few days in cell C-2, Plaintiff began showing symptoms of COVID-19. (*Id.* at 5). On October 16, 2020, Waupun's health services tested Plaintiff for COVID-19. (*Id.*) On October 19, 2020, Plaintiff's COVID-19 test came back positive for the virus. (*Id.*)

Plaintiff alleges that he was exposed to and contracted the COVID-19 virus as a direct result of Defendants failing to provide him with cleaning supplies before and after moving him to a cell that had recently held a person with COVID-19 symptoms. (*Id.* at 6). Plaintiff is an asthmatic, and he states that COVID-19 caused him to experience burning in his chest, asthma flare ups, difficulties breathing, extreme headaches, and weight loss, among other things. (*Id.*)

### 2.3   Analysis

Plaintiff's allegations invoke his rights under the Eighth Amendment. Under the Eighth Amendment, to state a claim for unconstitutional conditions of confinement, a plaintiff must first allege that he suffered a deprivation sufficiently serious to have denied him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S.

---

[1] Plaintiff states that he attached proof of a negative COVID-19 test as an exhibit to his complaint. (Docket #1 at 4). Plaintiff's numbering of the pages of his complaint indicate that the Court is missing about twenty pages of his submissions. It appears that these missing pages consist largely of exhibits. Plaintiff may resubmit his exhibits to the Court. At screening, the Court will accept Plaintiff's allegations as true without requiring the exhibits.

337, 347 (1981); *Farmer v. Brennan*, 511 U.S. 825, 834 (1970) (holding that an Eighth Amendment violation arises when prisoners are deprived of "the minimal civilized measure of life's necessities"). Inmates are entitled to "adequate food, clothing, shelter, and medical care." *Farmer*, 511 U.S. at 832. This includes sanitary and hygienic living conditions. *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006) (collecting cases). Second, a plaintiff must allege that the defendant was deliberately indifferent to the plaintiff's health or safety, meaning that the defendant was both aware of and disregarded "an excessive risk to [the plaintiff's] health or safety." *Farmer*, 511 U.S. at 837.

As to Captain Rymarkewicz, Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of *respondeat superior* (supervisory liability) does not apply to actions filed under Section 1983. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 does not create collective or vicarious responsibility. *Id.* Plaintiff's only allegation about Captain Rymarkewicz is that Plaintiff submitted a letter to Captain Rymarkewicz on October 13, 2020 informing Captain Rymarkewicz that Plaintiff had been moved to cell C-2 without it being sanitized and without Plaintiff being provided cleaning supplies. (Docket #1 at 5). This is not enough involvement by Captain Rymarkewicz to support a claim against him, and the Court will dismiss him from this action.

As to Sgt. Barrette, Plaintiff alleges that she failed to provide him with cleaning supplies before and after moving him to a cell that was recently occupied by a person showing symptoms of COVID-19. Plaintiff asked Sgt. Barrette twice for cleaning supplies, and she denied his requests.

Plaintiff, an asthmatic, alleges that he contracted COVID-19 shortly after being moved to cell C-2. At the screening stage, Plaintiff has alleged enough facts to maintain an Eighth Amendment claim against Sgt. Barrette.

### 3. MOTIONS FOR PRELIMINARY INJUNCTIONS

Plaintiff also filed two motions for preliminary injunctions. (Docket #6, #14). In both motions, Plaintiff asks the Court to order his incarcerating institution to provide him with a single-person cell. (Docket #6, #14). When Plaintiff filed his first motion, he was still incarcerated at Waupun. When Plaintiff filed his second motion, he had been transferred to Green Bay Correctional Facility ("Green Bay"). (*See* Docket #12). "[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot." *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004). Plaintiff makes no allegations that he is likely to suffer the same conditions at Green Bay as he did at Waupun (i.e., denial of cleaning supplies and proper sanitation of cells). Accordingly, the Court will deny Plaintiff's motions for preliminary injunctions. *See, e.g., Simpson v. Thorpe*, No. 09-CV-532-BBC, 2010 WL 1138426, at *3 (W.D. Wis. Mar. 19, 2010) ("[B]ecause [the plaintiff] is no longer incarcerated [at the institution where his alleged harm occurred], he cannot seek injunctive relief on his present claims.").

### 4. CONCLUSION

The Court finds that Plaintiff may proceed on the following claims pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** unconstitutional conditions of confinement, in violation of the Eighth Amendment, against Defendant Jodi Barrette.

Defendants should take note that, within forty-five (45) days of service of this Order, they are to file a summary judgment motion that raises

all exhaustion-related challenges. If they do not file such a motion within forty-five days, that affirmative defense will be waived. The Court will issue a trial scheduling order at a later date that embodies other relevant deadlines.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for an extension of time in which to pay the initial partial filing fee (Docket #9) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff's motions for preliminary injunctions (Docket #6, #14) be and the same are hereby **DENIED**;

**IT IS FURTHER ORDERED** that Defendant Robert Rymarkewicz be and the same is hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's complaint and this Order are being electronically sent today to the Wisconsin Department of Justice for service on Defendant;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Defendants shall file a responsive pleading to the complaint within sixty (60) days of receiving electronic notice of this Order;

**IT IS FURTHER ORDERED** that Defendants raise any exhaustion-related challenges by filing a motion for summary judgment within forty-five (45) days of service or this affirmative defense is waived;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the balance of the filing fee, $271.71, by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined;

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order; and

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. If Plaintiff is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.

Dated at Milwaukee, Wisconsin, this 3rd day of January, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge